UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANNA M. BANKS** | **CIVIL ACTION NO.: 2:19-cv-00898** |
| **VERSUS** | **JUDGE** |
| **WAITR HOLDINGS, INC.** | **MAGISTRATE JUDGE** |

_____

## FLSA OVERTIME COMPLAINT

Plaintiff, JANNA M. BANKS, an individual of the full age of majority, domiciled in Dougherty County, State of Georgia, respectfully avers:

1. Defendant WAITR HOLDINGS, INC. is a Delaware corporation with a principal business establishment in the Western District of Louisiana.

2. Defendant is liable to Plaintiff for employment compensation, benefits, damages, statutory penalties, attorney fees and expenses, pre and post judgment interest, costs and such other legal or equitable relief as the court may deem appropriate, for the following reasons.

3. WAITR HOLDINGS, INC. and its predecessor Waitr Incorporated (collectively "WAITR") are or were Employers within the meaning of the FLSA of all persons employed by either entity after July 9, 2016 (the Relevant Time Period).

4. WAITR is in the business of providing restaurant meal ordering services to customers by means of a mobile phone app, and restaurant food delivery service to customers using Delivery Drivers employed by WAITR.

5. Plaintiff was employed by Defendant as a "Mobile Restaurant Success Manager" (MRSM) from October 5, 2018 to the date of this Complaint.

6. During the period from July 9, 2016 to the present date WAITR paid Plaintiff, all other MRSM's, and all Restaurant Success Managers (RSM's) a fixed salary and classified them

as "Exempt" from the overtime pay requirements of the Fair Labor Standards Act 29 USCA §207 ("FLSA").

5. The primary job responsibilities of Plaintiff and all other MRSM's and RSM's included (a) "onboarding" new restaurants, (b) instructing restaurant staff in Waitr operations and processes, (c) demonstrating how to process Waitr orders using iPad, (d) inputting and updating menu information, (e) providing marketing suggestions, (f) record keeping, and (g) receiving and reporting complaints from the restaurants.

8. MRSM's and RSM's were not exempt from FLSA minimum wage and overtime pay requirements because their primary duties were not directly related to the management or general business operations of the employer or the employer's customers, and did not include the exercise of discretion and independent judgment with respect to matters of significance.

9. Plaintiff and similarly situated employees customarily and regularly worked more than forty (40) hours in a work week.

10. During the Relevant Time Period Defendant failed to pay Plaintiff and similarly situated employees at a rate of not less than one and one half times the employee's regular hourly rate for each hour of work in excess of forty (40) in a work week, as required by the FLSA.

11. Defendant's FLSA violations were willful because the employer knew or should have known its conduct was prohibited by the FLSA and showed reckless disregard for the law's requirements.

12. As a result of the foregoing Defendant is liable to Plaintiff and all similarly situated employees for all unpaid overtime wages and for an additional equal amount as liquidated damages under §260 of the FLSA, and for Plaintiff's reasonable attorney's fees and expenses under FLSA §216(b).

13. Pursuant to 29 USCA §216(b) Plaintiff brings this action on behalf of all other similarly situated employees, including but not limited to:

MRSM Class
All persons who were employed by Waitr Incorporated or WAITR HOLDINGS, INC. as a Mobile Restaurant Success Manager (MRSM) at any time on or after July 9, 2016.

RSM Class
All persons who were employed by Waitr Incorporated or WAITR HOLDINGS, INC. as/a Restaurant Success Manager (RSM) at any time on or after July 9, 2016.

WHEREFORE, Plaintiff prays: (i) for issuance of citation, (ii) that this action be provisionally certified as a §216(b) collective action, (iii) the Defendant be ordered to provide the names and contact information for all putative class members, (iv) the Court authorize Notice of the pendency of the action to all similarly situated employees in the form attached as Exhibit A, (v) that after due proceedings there be judgment in favor of all Plaintiffs for unpaid overtime wages due and additional sums as liquidated damages, (vi) for Plaintiffs' reasonable attorney's fees and expenses, (vii) pre-judgment and post-judgment interest on the award, (viii) costs, and (ix) for all other legal, equitable or other relief which the Court may deem appropriate.

RESPECTFULLY SUBMITTED,

**BRINEY FORET CORRY**

/s/Christophe L. Zaunbrecher
CHRISTOPHER L. ZAUNBRECHER (09546)
BRINEY FORET CORRY, LLP
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 456-9835
Facsimile: (337) 233-8719
E-mail:  zaunbrecher@brineyforet.com
Counsel for PLAINTIFF